DUNN, Appellant, v. GRIFFIN, Respondent.

(162 N. W. 366.)

(File No. 4035.    Opinion filed April 17, 1917.    Rehearing denied May 23, 1917.)

**False Imprisonment—Damages for—Defense of Interference in Arrest—De Facto Officer, Immateriality—Want of Malice—Sufficiency of Evidence.**

Where, while defendant was attempting to arrest another for misdemeanor committed in daytime in defendant's presence, plaintiff interfered with defendant's attempt, held, in determining that evidence justified verdict for defendant, that if defendant was but a private citizen, yet his course of action, found not to be malicious, was justified under the evidence; it

being immaterial whether he was the duly appointed city marshal.

Appeal from Circuit Court, Turner County.   Hon. ROBERT B. TRIPP, Judge.

Action for damages for false imprisonment, by J. H. Dunn, against Frank Griffin. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Bogue & Bogue,* for Appellant.

*Fleeger & Hanson,* and *Louis Berven,* for Respondent.

Appellant cited: Moline Plow Co. v. Gilbert, 3 Dak. 239; Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224; Barton v. Gray, 57 Mich. 622, 24 N. W. 638; Sec. 141, Code Crim. Proc.; Elliott on Evidence, Vol. 3, Sec. 2116.

Respondent cited: Secs. 120, 126, Crim. Proc.; Sec. 187, Pen. Code.

GATES, P. J.  Action for false imprisonment. The defense was that plaintiff interfered with defendant while defendant was attempting to arrest another for a misdemeanor committed in the daytime in defendant's presence, and that plaintiff was therefore arrested and lodged in jail. The evidence was sufficient to justify the verdict. There was no error in the instructions. Whether defendant was or was not the duly appointed city marshal was immaterial. If he was only a private citizen, his course of action, which the jury found was not malicious, was justified if his version of the facts was true.

The judgment and order appealed from are affirmed.